UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE R. CRAIG | CIVIL ACTION |
| VERSUS | NO. 14-256-SDD-RLB |
| AMERICAN OVERSEAS MARINE CORP., ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 6, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE R. CRAIG | CIVIL ACTION |
| VERSUS | NO. 14-256-SDD-RLB |
| AMERICAN OVERSEAS MARINE CORP., ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 9). The motion is opposed. (R. Doc. 10). Based on the record and the applicable law as set forth below, Plaintiff's motion should be granted and the action should be remanded to state court.

## I. BACKGROUND

Lawrence Craig (Plaintiff) filed the underlying state court action on March 12, 2014 in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (Petition, R. Doc. 1-1). Plaintiff alleges that between 1952 and 1995, he was employed by the following Defendants: American Overseas Marine Corp.; Intercontinental Bulktank Corp.; Rio Grande Transport Inc.; Sea-Land Service Inc.; and Waterman Steamship Corporation (Defendants). (Petition, ¶¶ 2, 7-11). Plaintiff alleges that he contracted lung cancer as a result of asbestos exposure while working on vessels owned or operated by Defendants. (Petition, ¶¶ 12-24). Plaintiff brings causes of action for recovery against Defendants under both the Jones Act, 46 U.S.C. § 30104 (Petition, ¶¶ 25-26), and general maritime law (Petition, ¶¶ 27-31). Plaintiff alleges that Defendants failed to warn him of the presence of, and dangers associated with, asbestos on those vessels, failed to provide him with a safe workplace, and failed to provide adequate training, supervision, and protective equipment to him and the other crewmembers for

1

the handling of asbestos and asbestos-containing products. (Petition, ¶¶ 18, 25, 29, 30). Plaintiff did not demand a jury trial.

American Overseas Marine Company, LLC (AMSEA)[1] filed a Notice of Removal on April 28, 2014. (R. Doc. 1). AMSEA alleges that the Court has jurisdiction over Plaintiff's action pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[2] AMSEA alleges that while he was its employee between 1989 and 1992, Plaintiff worked on three vessels that AMSEA operated for U.S. Navy, Military Sealift Command ("MSC"): the PFC DeWAYNE T. WILLIAMS; the 1st LT. JACK LUMMUS; and the 1st LT. BALDOMERO LOPEZ. (R. Doc. 1 at 2). AMSEA attached copies of the U.S. Maritime Administration's Vessel Status Cards for these vessels providing that they were chartered to the MSC. (R. Docs. 1-2, 1-3, and 1-4).

On May 28, 2014, Plaintiff moved to remand this action to state court. (R. Doc. 9). Plaintiff asserts that removal is improper because (1) his Jones Act claims are non-removable pursuant to 28 U.S.C. § 1445(a), (2) his general maritime law claims are non-removable pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1), and (3) AMSEA cannot establish the "causal nexus" requirement for removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442.

## II.  ARGUMENTS OF THE PARTIES

Plaintiff argues that because his Jones Act claims are made non-removable pursuant to 28 U.S.C. § 1445(a), removal is improper pursuant to the federal officer removal statute, 28 U.S.C. § 1442. (R. Doc. 9-1 at 3-4). Plaintiff also argues that his general maritime claims are not removable to federal court because the "saving to suitors" clause in the admiralty jurisdiction

---

[1] AMSEA asserts that it was incorrectly identified by Plaintiff as "American Overseas Marine Corp." (R. Doc. 1 at 1).

[2] Removal pursuant to the federal officer removal statute does not require consent of the non-removing defendants. *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965).

statute, 28 U.S.C. § 1333, renders general maritime claims non-removable. (R. Doc. 9-1 at 3-4). Plaintiff further argues that removal is improper pursuant to 28 U.S.C. § 1442(a)(1) because Defendants cannot demonstrate that there is a "causal nexus" between Plaintiff's claims and AMSEA's acts committed under the color of office. (R. Doc. 9-1 at 2, 5).

AMSEA filed an Opposition[3] acknowledging that the "Plaintiff's argument as to Jones Act non-removability does bring into focus a tension between 28 U.S.C. § 1442 and 28 U.S.C. § 1445(a)." (R. Doc. 12 at 2). AMSEA nevertheless asserts that removal is proper pursuant to 28 U.S.C. § 1442(a)(1). AMSEA argues that all of the requirements for federal officer removal are satisfied, namely that (1) it is a "person" for purposes of removal; (2) it was acting "under color of federal authority" at the time of the alleged tort; (3) it has a colorable federal defense; and (4) there is a "causal nexus" between the alleged tort and the governmental responsibilities assumed by the officer or agent at issue. (R. Doc. 12 at 3-8). AMSEA does not argue, however, that Plaintiff has fraudulently pled the Jones Act claims or has otherwise waived any challenges to the removal of the Jones Act claims.

### III. LAW AND ANALYSIS

#### A. The Interplay Between 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1445

The parties do not cite any decision to directly address whether an action made non-removable pursuant to § 1445 is nevertheless removable pursuant to § 1442. The few courts that have addressed federal officer removal where the plaintiff has alleged a Jones Act claim do not decide whether non-removability pursuant to § 1445(a) trumps removal jurisdiction pursuant to § 1442(a)(1). Some courts faced with this interplay have first turned to § 1442, and finding no removal jurisdiction pursuant to that statute, rendered the issue of non-removability pursuant to §

---

[3] This Opposition (R. Doc. 12) was filed on behalf of all Defendants represented by counsel for AMSEA. The Court will reference the arguments in this Opposition as AMSEA's arguments.

1445 moot. *See Morgan v. Great S. Dredging, Inc*., No. 11-2461, 2012 WL 4564688 (E.D. La. Sept. 30, 2012) (because the defendants did not meet their burden of demonstrating that the court had removal jurisdiction pursuant to § 1442(a)(1), the court did not have to determine whether the action was non-removable pursuant to § 1445(a) in light of the plaintiff's Jones Act claims); *Lowe v. Norfolk & W. Ry. Co.*, 529 F. Supp. 491, 493 (S.D. Ill. 1982) (noting the parties' arguments regarding the "interplay" between § 1442(a)(1) and § 1445, but remanding the action based solely on the language of § 1442(a)(1)); *McCormick v. C.E. Thurston & Sons, Inc.,* 977 F. Supp. 400, 403 (E.D. Va. 1997) (noting that the plaintiff raised Jones Act claims, but finding no jurisdiction pursuant to "federal enclave" provision of the United States Constitution or the federal officer removal statute). At least one court, however, has addressed § 1445 first to determine whether the action was non-removable before turning to an analysis of removal jurisdiction pursuant to § 1442. *See Albrecht v. A.O. Smith Water Products*, No. 11-5990, 2011 WL 5109532 (S.D.N.Y. Oct. 21, 2011) (first determining that § 1445(c) did not apply, and then finding removal jurisdiction pursuant to § 1442).

To establish that Jones Act claims are not removable pursuant to § 1442, Plaintiff relies on a footnote in a U.S. Supreme Court decision from 1934. In *Gay v. Ruff*, 292 U.S. 25, 35 (1934), the defendant filed a civil suit for wrongful death of his son against the receiver of a railroad appointed by a federal district court. The plaintiff sought removal pursuant to § 33 of the Judicial Code, Act of Aug. 23, 1916, ch. 399, 39 Stat. 532, a predecessor version of the current federal officer removal statute. In remanding the action, the court noted that the federal officer removal provision is to be read "strictly in pari material with the other removal provisions." *Gay*, 292 U.S. at 35. The Supreme Court stated that "Congress had by the Federal Employers' Liability Act provided that suits for injuries resulting from negligence in the

operation of a railroad, although arising under a federal statute, could be brought in a state court, and if so brought, could not be removed to the federal court." *Id*. at 36. In footnote 17, the Supreme Court noted the persistence of Congressional abridgment of federal jurisdiction since the Federal Employers' Liability Act, specifically stating that removal is prohibited of actions by seamen under section 33 of the Merchant Marine Act of June 5, 1920, c. 250, 41 Stat. 988 (46 USCA s 688)." *Id*. at 36 n. 17. Although this footnote is a recognition that Congress has trended toward the non-removability of certain actions, it does not speak directly to the issue of whether the non-removability of an action by statute can be overcome by the presence of removal jurisdiction pursuant to the federal officer statute.

Having found no governing law on the interplay between § 1442 and § 1445, the court will take the path chosen by most of the courts faced with this issue. The court will first determine whether removal jurisdiction is proper pursuant to § 1442(a)(1). Only if removal jurisdiction is proper pursuant to § 1442(a)(1) will the court address the issue of non-removability pursuant to § 1445(a).[4]

### B. Removal Jurisdiction Pursuant to 28 U.S.C. § 1442(a)(1)

The federal officer removal statute provides for the removal of a civil action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . ." 28 U.S.C. § 1442(a)(1). The purpose of this removal statute

---

[4] If federal officer removal is not proper, this court has already determined that the presence of a Jones Act claim requires remand of the entire action, even if a general maritime claim may now be removable. *See*, *e.g.*, *Bartel v. Chas. Kurz & Co., Inc.*, No. 14-280-JJB-RLB, ECF No. 11 (M.D. La. Oct. 1, 2014), *report and recommendation adopted*, ECF No. 12 (M.D. La. Oct. 22, 2014); *Marvin v. Farrell Lines, Inc.*, No. 14-316-BAJ-SCR, ECF No. 23 (M.D. La. Sept. 12, 2014), *report and recommendation adopted sub nom. Marvin v. Am. Export Lines Inc.*, ECF No. 24 (M.D. La. Sept. 30, 2014); *Alfready Day, Sr. v. Alcoa Steamship Co., Inc*., No. 14-317-BAJ-SCR, ECF No. 16 at (M.D. La. Sept. 12, 2014), *report and recommendation adopted*, ECF No. 17 (M.D. La. Sept. 30, 2014).

5

is to protect the lawful activities of the federal government from undue state interference. *See Mesa v. California,* 489 U.S. 121, 126 (1989). Section 1442(a) serves to overcome the "well-pleaded complaint" rule that would otherwise preclude removal even if a federal defense is asserted. *See id*. at 136. Unlike the general removal provision, which is strictly construed in favor of remand, the federal officer removal statute is liberally construed in favor of removal. *Watson v. Philip Morris Cos. Inc.*, 551 U.S. 142, 147-48 (2007); *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

As characterized by the Fifth Circuit, a defendant seeking to remove a civil action under § 1442(a)(1) must establish the following three prongs: (1) that the defendant is a person within the meaning of the statute; (2) that the defendant acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims; and (3) that the defendant has asserted a "colorable federal defense." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-01 (5th Cir. 1998), *cert. denied,* 526 U.S. 1034 (1999). The party asserting federal jurisdiction in a case removed under § 1442 bears the burden of establishing that jurisdiction exists. *Winters*, 149 F.3d at 398.

Nothing in the Petition asserts a claim against the United States or any of the Defendants in their capacity as government contractors working under the direction of federal officers. Plaintiff does not allege that AMSEA or any of the other Defendants operated vessels owned by the Navy. Nevertheless, because removal pursuant to Section 1442(a) may overcome the "well-pleaded complaint" rule, the court must determine whether AMSEA has met its burden of establishing that removal is proper pursuant to the federal officer removal statute.

6

### 1. Whether AMSEA is a Person

The parties do not dispute that AMSEA is a "person" for the purpose of § 1442(a)(1). The Fifth Circuit has held that corporations are considered "persons" for removal pursuant to § 1442. *Winters*, 149 F.3d at 398. Although the Fifth Circuit has not specifically addressed whether a limited liability company is a "person" for the federal officer removal statute, at least one district court within the Fifth Circuit have reached that conclusion. *See St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 530 (E.D. La. 2011) (finding that an LLC was a person under section 1442(a)(1)). As the Plaintiff has raised no argument to the contrary, the court concludes that AMSEA is a "person" for the purpose of § 1442(a)(1).

### 2. Whether AMSEA Acted Under Direction of a Federal Officer and Whether a Causal Nexus Exists

Plaintiff asserts that AMSEA has not established that there is a causal nexus between Plaintiff's claims and AMSEA's actions under the direction of a federal officer.

AMSEA's entire argument that it acted under the direction of a federal officer is premised on its assertion that the vessels it operated were owned by the MSC when Plaintiff was employed by AMSEA between 1989 and 1992. (R. Doc. R. Doc. 12 at 4). The documents submitted by AMSEA, however, reflect that these vessels were purchased by the Navy in 2006. (R. Doc. 12-3 at 1; R. Doc. 12-4 at 1; and R. Doc.12-5 at 1). Furthermore, even if the Navy had an ownership interest in the vessels at the time Plaintiff worked on the vessels, AMSEA has not provided any affidavits or other evidence that the MSC directed it to do anything, much less identifying a specific federal officer directing it to do anything.[5]

---

[5] At least one court has held that "[a]cting under the direction of the Navy . . . is not the same as acting under the direct and detailed control of a federal officer." *Good v. Armstrong World Industries, Inc.*, 914 F. Supp. 1125, 1129 (E.D. Penn. 1996) (holding that the removing defendant did not establish in the

Even assuming that it did act under the direction of a federal officer simply by operating the vessels at issue pursuant to a contractual relationship with the MSC, AMSEA has failed to establish a casual nexus between its actions under the direction of a federal officer and Plaintiff's claims in this lawsuit. In support of its argument that the "causal nexus" element is satisfied, AMSEA provides, with little reasoning, that "it is no stretch at all" to apply the reason of the Supreme Court's decisions in *Mesa* and *Willingham* to the facts of this action. (R. Doc. 12 at 7-8). The court disagrees.[6]

The Jones Act and general maritime claims asserted by Plaintiff invoke two lines of product liability cases concerning asbestos exposure and the federal officer removal statute. In the first line of cases, this district has found federal officer removal is appropriate where government contractors manufactured airplanes or ships pursuant to federal government contracts, and were subsequently sued in state court by individuals exposed to asbestos during the manufacturing process. In those cases, the causal nexus requirement was satisfied because the manufacturing defendants established the following upon removal: that the airplanes or ships they manufactured were pursuant to specific design specifications controlled by the United States military; that the government approved or supplied the component parts, including parts containing asbestos; that the ~~government~~ monitored and inspected the manufacturing process to ensure the specifications governed by federal law and regulations were met; and that manufacturing defendants had no contractual authority to alter the government's specifications.

---

notice of removal or by affidavit that a federal officer specified the use of asbestos in the design and manufacture of turbine generators).

[6] The cases cited by AMSEA are not particularly helpful for resolving the "causal nexus" issue in this action. *See Mesa*, 489 U.S. 121 (removal of criminal actions against federal postal officers in state court for traffic violations while operating mail trucks was removable pursuant to § 1442); *Willingham*, 395 U.S. 402 (removal of action brought by federal prisoner accusing warden and others of assaulting, beating, and torturing him was removable pursuant to § 1442).

*See Leonard v. Bd. of Supervisors of Louisiana State Univ. & Agr. & Mech. Coll.*, No. 13-565-JJB-SCR, 2014 WL 2197042 (M.D. La. Jan. 17, 2014) *report and recommendation adopted sub nom. Leonard v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 2014 WL 2203876 (M.D. La. May 27, 2014); *Legendre v. Anco Insulations, Inc.*, No. 12-94-JJB-SCR, 2012 WL 2064537 (M.D. La. May 14, 2012) *report and recommendation adopted*, 2012 WL 2064533 (M.D. La. June 7, 2012); *Kluka v. Anco Insulations, Inc.*, No. 08-84-JJB-SCR, 2008 WL 2444517 (M.D. La. Apr. 28, 2008). In these actions, the manufacturing defendants produced sufficient evidence to demonstrate that the federal government engaged in the direct and specific control of the design and manufacturing of their products (airplanes and ships) as demonstrated by affidavits and contracts submitted to the court. *See Leonard*, 2014 WL 2203876; *Legendre*, 2012 WL 2064533; *Kluka*, 2008 WL 2444517; *see also Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1330 (E.D. La. 1994) ("The affidavits and contract information provided by [the government contractor] essentially establish that Avondale's agreements to build the ships required that they be constructed under contracts containing provisions to protect the interests of the United States.").

In the second line of cases, plaintiffs alleged that their contractor-employers failed to warn them of asbestos in their work areas, including government-owned facilities. In these cases, courts have concluded that removal pursuant to the federal officer removal statute is unwarranted because there is no causal nexus between the plaintiffs' exposure to asbestos and any direction of a federal officer. *See*, *e.g.*, *Ross v. Reilly Benton, Inc.*, No. 14-cv-1161, 2014 WL 3514668 (E.D. La. July 15, 2014) (remanding action removed pursuant to § 1442(a)(1) where removing defendant "has pointed to *no* evidence demonstrating that its use of asbestos was done 'pursuant to a federal officer's directions.'") (quoting *Winters*, 149 F.3d at 368)); *Weese v. Union*

9

*Carbide Corp.*, No. 07-581, 2007 WL 2908014, *7 (S.D. Ill. Oct. 3, 2007) (the second prong of the test for federal officer removal is not satisfied where the removing defendant "has adduced no evidence that a federal officer prevented it from furnishing adequate warnings about the dangers of exposure to asbestos"); *Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135 (D. Mass. 2007) (finding insufficient an affidavit stating in conclusory fashion that Navy "had ultimate control" over whether a contractor warned of asbestos); *Hampton v. Owens-Illinois*, No. 06-10929, 2007 WL 274794 (E.D. La. Jan. 29, 2007) (remanding action removed pursuant to § 1442(a)(1) where the removing defendant did not identify any evidence that shipyard where the plaintiff worked as a welder "was barred from instituting enhanced safety and warning procedures regarding asbestos"); *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 664 (E.D. Tex. 1999) (although removing defendants established that there are "detailed, government specifications" relating to the products it manufactured, no federal officer provided any direction regarding providing warnings about asbestos); *Mouton v. Flexitallic, Inc.*, No. 99-0162, 1999 WL 225438 (E.D. La. Apr. 14, 1999) ("The federal government provided no direction on warnings when using asbestos, and further did not prevent Avondale from taking its own safety precautions above the minimum standards incorporated in the federal contracts. Thus, the Court finds that Avondale has failed to establish a causal connection between the Navy's direction pursuant to the design contracts and plaintiff's failure to warn claims."); *cf. Winters*, 149 F.3d at 397 (finding removal proper in a failure to warn case when government's contract specifications for the manufacture of Agent Orange included provisions for packaging and transport, and specific prohibitions against warnings on the barrels).

Plaintiffs' claims, though raised pursuant to the Jones Act and general maritime law, are analogous to the "failure to warn" claims addressed in the decisions above. Plaintiff is a civilian

seaman who sailed on the vessels owned or operated by AMSEA and the other Defendants. Plaintiff does not allege that he manufactured these vessels, worked in areas where such vessels were manufactured, or has sued the manufacturers of these vessels. Plaintiff alleges that AMSEA and the other owners or operators of vessels upon which he worked failed to warn him of the presence of, and dangers associated with, asbestos on those vessels, failed to provide him with a safe workplace, and failed to provide adequate training, supervision, and protective equipment to the crew for the handling of asbestos and asbestos-containing products. (Petition, ¶¶ 18, 25, 29, 30).

AMSEA represents that it "will demonstrate that the contracts under which the USNS ships created a principal-agent relationship with the Government," but readily admits that it has not provided the Court, either in its Notice of Removal or subsequently, a copy of its contract with the federal government. (R. Doc. 12 at 2, 4 n. 4). AMSEA has not submitted any affidavits to support its assertion that the contract provided AMSEA any direction with regard to asbestos on the chartered vessels. AMSEA has not submitted any evidence that its contract with the federal government precluded it from warning its employees of the presence of asbestos on the vessels that AMSEA was operating or from providing adequate training, supervision, and protective equipment to its crew for the handling of asbestos and asbestos-containing products.

For the foregoing reasons, and in light of the lack of evidence submitted by AMSEA in support of its removal, AMSEA has failed to establish a causal connection between the MSC's direction pursuant to a government contracts and Plaintiff's claims.

### 3. Whether AMSEA Has Asserted a Colorable Federal Defense

By arguing that his claims are made non-removable in light of § 1445, Plaintiff also implicitly challenges AMSEA's assertion of a colorable federal defense because AMSEA's asserted federal defense is premised on the inapplicability of § 1445.

AMSEA argues that it has asserted a colorable federal defense in that it is immune from Plaintiff's suit and Plaintiff must sue the United States, and not AMSEA, pursuant to the Public Vessels Act, 46 U.S.C. §§ 31101–31113, and Suits in Admiralty Act, 46 U.S.C. §§ 30901–30918. (R. Doc. 12 at 4). AMSEA quotes a former version of 46 U.S.C. § 30904 (formally cited as 46 U.S.C. § 745) to support its argument that "under circumstances such as this a seaman's claim is against the government, not the operator." (R. Doc. 12 at 4). AMSEA relies upon two decisions in support of its asserted defense. (*See* R. Doc. 12 at 4-7 (discussing *Petition of United States*, 367 F.2d 505 (3d Cir. 1966) and *Gordon v. Lykes Bros. SS. Co., Inc.*, 835 F.2d 96 (5th Cir. 1998)).

The Court need not address AMSEA's argument that it has a colorable federal defense in detail because, as discussed above, AMSEA has not met its burden of establishing the second prong of the federal officer removal analysis.

### IV. CONCLUSION

Despite the broad purview of the federal officer removal statute, consideration of Plaintiff's claims, AMESA's evidence in support of the removal, and the applicable law supports a finding that AMSEA has not established that the court has jurisdiction over this action pursuant to § 1442(a)(1).

## RECOMMENDATION

**IT IS THE RECOMMENDATION** of the magistrate judge that Plaintiff's Motion to Remand be **GRANTED**, and the action be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on November 6, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**